FILED

NOV 2 0 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of Attorneys Suspended or Disbarred by the State Bar of California, | Case No.:  23MC1991 **Order to Show Cause** |

The Court has received notice that the following attorneys have been disbarred, suspended, or placed on the inactive list by the State Bar of California:

Involuntary Inactive Enrollment:

James Joseph Albert (CA Bar #150568)

Elizabeth Ann Alvarado (CA Bar #265460)

Gregory Leon Anderson (CA Bar #129931)

Carl Edward Gerard Arnold (CA Bar #171873)

Terry Lee Baker (CA Bar #214365)

Molly Olivia Barton (CA Bar #203371)

David Brown Bayless (CA Bar #189235)

Samir Suryakant Belani (CA Bar #300854)

John Starrett Berry (CA Bar #297103)

1   Anthony James Bradenburg (CA Bar #110242)

2   Celia Ashley Brewer (CA Bar #167928)

3   Joseph Scott Carr (CA Bar #136706)

4   Craig Israel Celniker (CA Bar #194459)

5   Richard Anthony Chagoury (CA Bar #329842)

6   Mary R. Conklin (CA Bar #266173)

7   Janice De Leon Cruz (CA Bar #180476)

8   Gregory Lawrence Dehm (CA Bar #165252)

9   Michelle L Finneran Dennedy (CA Bar #196743)

10   Kristin Canfield Derr (CA Bar #248680)

11   Asim Kishore Desai (CA Bar #175402)

12   Christine D'Angelo DeBretteville (CA Bar #198167)

13   Leigh Taylor Dundas (CA Bar #174117)

14

15   Pursuant to Civil Local Rule 83.3(c)(1)(a), only attorneys who are active members

16   in good standing of the State Bar of California may be admitted to and continue

17   membership in the bar of this Court.

18   Therefore, pursuant to Civil Local Rule 2.2(d), the Court hereby orders the listed

19   attorneys to show cause in writing, within thirty (30) days of the service of this order, why

20   they should not be suspended or disbarred from practicing in this Court.  If an attorney

21   opposes the imposition of discipline, his written response must establish one or more of

22   the following:

23       (i)    the procedure in the other jurisdiction was so lacking in notice or

24              opportunity to be heard as to constitute a deprivation of due process;

25       (ii)   there was such an infirmity of proof establishing the misconduct as to

26              give rise to a clear conviction that the Court should not accept as final
     the other jurisdiction's conclusion(s) on that subject;

27

28       (iii)  imposition of like discipline would result in a grave injustice; or

(iv)    other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

CivLR 2.2(d).  In addition, at the time the response is filed, the attorney must produce a certified copy of the entire record from the other jurisdiction or bear the burden of persuading the Court that less than the entire record will suffice.  Id.

The Clerk of the Court is directed to serve a copy of this order by mail upon each of the listed attorneys at the address indicated in this Court's attorney maintenance records.

**IT IS SO ORDERED**.

Dated:    11-17-23

**Hon. Dana M. Sabraw, Chief Judge**
United States District Court